Stefan B. Kalina, Esq.
Cox Padmore Skolnik & Shakarchy LLP
630 Third Avenue, 19th Floor
New York, NY  10017
Attorneys for Defendant
NeXXCom Wireless LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SITEXPEDITE,<br><br>                         Plaintiff,<br><br>v.<br><br>NeXXCom Wireless LLC,<br><br>                         Defendant. | **Document Electronically Filed**<br><br>**Civil Action No.:**<br>**2:12-cv-05107-CCC-JAD**<br><br>**Motion Day: September 17, 2012** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS AND/OR TO TRANSFER OF VENUE**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………….....................................ii

PRELIMINARY STATEMENT..…………………….........................................1

BACKGROUND…..……………………………………...........................................1

    A.    Procedural History........................................................................................1

    B.    The Parties...................................................................................................2

    C.    The Contract Claim.....................................................................................2

    D.    The Fraud Claim.........................................................................................4

ARGUMENT..........................................................................................................5

POINT I      THE FRAUD CLAIM IS NOT PLEADED
              WITH THE REQUISITE SPECIFICITY……….................................5

POINT II     THE FRAUD CLAIM SHOULD ALSO BE DISMISSED
              BECAUSE IT IS DUPLICATIVE OF THE CONTRACT
              CLAIM.................................................................................................7

POINT III    THE COMPLAINT SHOULD BE DISMISSED IN ITS
              ENTIRETY BECAUSE PLAINTIFF CANNO MAINTAIN
              ITS ACTION IN NEW JERSEY................................................................9

POINT IV    THE VENUE OF THIS CASE SHOULD BE TRANSFERRED
               TO THE SOUTHERN DISTRICT OF CALIFORNIA……........................12

CONCLUSION.........................................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Accord Villegas v. Wells Fargo Bank, N.A.*, 2012 WL 2931343 (N.D. Cal. July 17, 2012) ..................................................................................................................... 5

*American Estates, Inc. v. Marietta Cellars Inc.*, 2011 WL 1560823 (D.N.J. 2011) ......... 10

*American Export Lines, Inc. v. J&J Distributing Co.*, 452 F. Supp. 1160 (D.N.J. 1978) ............................................................................................................................ 10

*ASCO Power Technologies, L.P. v. PEPCO Technologies, L.L.C.*, 2006 WL 3000334 (D.N.J. Oct. 20, 2006) ................................................................................................... 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 6, 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................. 6, 7

*Bracco Diagnostic, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 577 (D.N.J. 2002) ............................................................................................................................. 8

*Davis & Dorand, Inc. v. Patient Care Medical Services, Inc.*, 208 N.J. Super. 450, 506 A.2d 70 (Super. Ct. Law Div. 1985) ................................. 11, 13

*DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442 (3d Cir. 2003) ..................................... 9

*Hammer v. Vital Pharmaceuticals, Inc.*, 2012 WL 1018842 (D.N.J. Mar. 26, 2012) ......... 5

*Inventory Recovery Corp. v. Gabriel*, 2012 WL 2990693 (D.N.J. July 20, 2012) ............. 5

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) ....................................... 12, 13

*Kassin v. Compucom, Inc.*, 2012 WL 893097 (D.N.J. Mar. 15, 2012) .............................. 8

*Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994) ............................................................................... 9

*Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 788 A.2d 268 (2002) ................................ 8

*In re Suprema Specialties, Inv. Securities Litigation*, 438 F.3d 256 (3d Cir. 2006) ......... 5

*In re Topcroft, Inc.*, 136 B.R. 99 (D.N.J. 1991) ............................................................. 11

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478 (3d Cir. 1998)..................................................................................................................9

*U.S. Consulting Group v. Aldi, Inc.*, 2012 WL 1033596 (D.N.J. 2012)............................11

**Statutes**

Fed. R. Civ. P. 9 (b).........................................................................................1, 5, 6

Fed. R. Civ. P. 12 (b) (6)..................................................................................................1

N.J.S.A. 14A:13-11.......................................................................................................10

N.J.S.A. 14A:13-20.................................................................................................10, 12

N.J.S.A. 42:2B-57.........................................................................................................10

28 U.S.C. § 1404(a).......................................................................................................12

## PRELIMINARY STATEMENT

The thrust of the Complaint is a contract claim for alleged non-payment for work performed. The Complaint also pleads a non-specific fraud claim. Plaintiff Sitexpedite ("Plaintiff" or "Sitexpedite") baldly alleges that Defendant never intended to pay for the work. As discussed at Point I, this fraud claim should be dismissed for failing to plead with the requisite particularity required by Fed. R. Civ. P. 9 (b). Moreover, given proper extrinsic evidence of payment under the contract, Plaintiff cannot state a claim for fraud on which relief could ever be granted under either New Jersey or California law. Accordingly, leave to replead the fraud claim should be denied because it would prove futile. Point II further demonstrates that the fraud claim should also be dismissed under Fed. R. Civ. P. 12 (b) (6) because it is duplicative of the pleaded contract claim.

The balance of the Complaint, sounding in contract, should likewise be dismissed. Point III illustrates that Plaintiff, a foreign business entity, is not authorized to do business in New Jersey. Therefore, it is precluded from maintaining suit here.

Whether or not the fraud claim is dismissed, this Court should transfer the case to the Southern District of California. Point III explains that venue is more appropriate and convenient in California where the Defendant is domiciled, where most of the witnesses and documents are located and where the majority of the work took place on which Plaintiff's claims are based.

## BACKGROUND

A. <u>Procedural History</u>.

Sitexpedite commenced suit by filing the Summons and Complaint in the Superior Court of New Jersey, Law Division, Union County on or about June 14, 2012

("Complaint").[1] The Summons and Complaint were served on Nexxcom Wireless LLC ("Defendant" or "Nexxcom") on or about July 26, 2012. Nexxcom filed a Notice of Removal in this court and the Superior Court on or about August 13, 2012. Kalina Decl. ¶ 4 & Exh. B.

B. The Parties.

Nexxcom is a California limited liability company ("LLC") with its principal office in San Diego. Nexxcom is a wireless product and system supplier.

Sitexpedite pleads that it is a "corporation" that maintains its office in Wisconsin. Complaint ¶ 1. Curiously, Sitexpedite does not plead its state of organization. Its website states that Sitexpedite is an LLC that specializes, *inter alia*, in "planning, executing and managing wireless system deployments." Kalina Decl., Exh. C. According to the Delaware Secretary of State, Sitexpedite is an active Delaware LLC. Kalina Decl., Exh. D. However, Sitexpedite is neither registered as a foreign LLC in New Jersey where it brought suit nor in Wisconsin where it maintains its office. Kalina Decl. ¶¶ 6-7 & Exhs. E & F.

C. The Contract Claim.

Sitexpedite alleges that the parties "entered into various contracts…to perform work relating to the installation of wireless cell antennas *throughout the State of New Jersey, as well as California*." Complaint ¶ 4 (emphasis added).

Sitexpedite also pleads that it "performed a significant amount of work, *both in the State of New Jersey and California*." Complaint ¶ 6 (emphasis added). Sitexpedite further pleads that it is owed an "amount in excess of $360,000.00 for accumulated

---

[1] A copy of the Complaint is annexed to the Declaration of Stefan Kalina dated August 20, 2012 ("Kalina Decl.") at Exhibit A.

2

"contractual obligations." Complaint ¶ 11. In support of its claim, Sitexpedite appends "copies of invoices totaling $372,589.97." Complaint ¶ 7 & Exh. A.

A plain reading of the invoices reveals that the vast majority of the purportedly unpaid invoices relate to the California contracts, to wit: $319,623.53. The invoices relating to the New Jersey invoices amount to the disproportionately smaller sum of $51,466.44. (There is a single invoice for work performed in Michigan in the amount of $1,500.00) Evidently, the crux of Sitexpedite's claim for unpaid sums arises under the California contract(s).

The Complaint, however, fails to distinguish between the alleged New Jersey and California contracts. While the contract(s) may have involved projects in both states, the vast majority of the work was performed for a customer located in Southern California known as First Solar. This was the largest project, which involved trenching and site installation by Sitexpedite in Southern California (outside Los Angeles). Declaration of Samuel James Lawrence dated August 20, 2012 ("Lawrence Decl.") ¶ 7. This is borne out by the very exhibits appended to Sitexpedite's Complaint. The largest invoice provided seeks payment of $265,000.00 for First Solar for the trenching. In addition, Sitexpedite performed another site installation project in Southern California as well. Lawrence Decl. ¶ 7. For both projects, Sitexpedite deployed its own personnel and hired subcontractors. Lawrence Decl. ¶ 7. Sitexpedite deployed Tony Shani, a resident of Southern California and hired NSA, a California based contractor. Lawrence Decl. ¶ 7.

Even the smaller networking project in New Jersey has a California connection. The customer "Virtu" is located in New York and California (Santa Monica). In contrast to the California project, Sitexpedite did not deploy any significant in-state personnel or

3

subcontractors. The subcontractors are based in Pennsylvania, New York and Indiana. Lawrence Decl. ¶ 8. Moreover, Sitexpedite deployed Steven Leahan who resided in Pennsylvania. Lawrence Decl. ¶ 8. Indeed, the invoices appended to the Complaint reflect the travel expenses for the subcontractors and Mr. Leahan from points outside New Jersey into the State for the projects at issue. The only New Jersey based contractors combine for a total $1,000.00 in expenses for their *de minimus* work. Lawrence Decl. ¶ 7.

### D. The Fraud Claim.

The alleged fraud is predicated upon the alleged representation of Nexxcom's present intention to pay Sitexpedite for all outstanding invoices. Complaint ¶ 15. This is duplicative of the contract claim predicated on Nexxcom's promise to pay such invoices. Complaint ¶ 5. This predicate allegation is further belied by the selective exhibits appended to the Complaint. These exhibits do not reflect the balance of additional invoices paid by Nexxcom to Sitexpedite for the New Jersey and California projects. In light of these payments, Sitexpedite's allegation that Nexxcom never intended to pay Sitexpedite for work performed is patently false.

## ARGUMENT

### POINT I

### THE FRAUD CLAIM IS NOT
### PLEADED WITH THE REQUISITE SPECIFICITY

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Pursuant to that rule, a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged." *Hammer v. Vital Pharmaceuticals, Inc.*, 2012 WL 1018842, at *4 (D.N.J. Mar. 26, 2012). "In sum, 'Rule 9(b) requires at a minimum, that plaintiffs support their allegations of . . . fraud with all the essential factual background that would accompany "the first paragraph of any newspaper story" – that is, the "who, what, when, where and how" of the events at issue.'" *In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256, 276-77 (3d Cir. 2006). *Accord Villegas v. Wells Fargo Bank, N.A.*, 2012 WL 2931343, *9 (N.D. Cal. July 17, 2012) ("To plead the circumstances constituting fraud with particularity under Rule 9(b), the plaintiff must state the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations.")(internal quotation marks omitted).[2]

---

[2] The elements of fraud under New Jersey and California law are identical: "(a) knowing misrepresentation by defendant, (b) made with the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff and resulting damages." *Id.* at *8 (California law). *Inventory Recovery Corp. v. Gabriel*, 2012 WL 2990693, at *3 (D.N.J. July 20, 2012) ("The elements of a claim for common law fraud in New Jersey are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon; and (5) resulting damages.").

5

Sitexpedite has not met the pleading requirements of Rule 9(b). It does not state the time, place, or content of the alleged misrepresentations nor does it state the individual who made the purported misrepresentation.

The fraud claim is grounded in certain alleged representations purportedly made by Nexxcom that Nexxcom "would pay [Sitexpedite] for all outstanding invoices, as well as offering [Sitexpedite] additional work, so long as [Sitexpedite] persevered with [Nexxcom]." Complaint ¶ 15. Sitexpedite then alleges that Nexxcom "knew, or believed, that this statement was false." Complaint ¶ 16. Sitexpedite does not make clear what outstanding invoices it is speaking of[3] and does not even state that those invoices remain unpaid. Indeed, without providing the date of the alleged misrepresentation, it is impossible for Nexxcom to ascertain to what the alleged misrepresentation relates.

Similarly, Sitexpedite's purported damages are not pleaded with specificity. While Sitexpedite asserts that the purported fraud "induced [it] to refrain from seeking collection of amounts due," the Complaint does not state how it is precluded from collecting the amounts alleged owed it now. Indeed, that is precisely what it seeks to do in Count I of the Complaint. And while Sitexpedite claims that it was induced to provide storage at Sitexpedite's expense, Complaint ¶ 18, it does not state the relationship between the fraud and the storage costs. Absent such information, the fraud claim is deficient under Rule 9(b).

Further, the fraud claim does not even meet the plausibility standard established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Those cases hold that a formulaic recitation of the elements of a claim is

---

[3] It is not clear that the invoices referred to in the fraud claim are the same invoices attached to the Complaint as Exhibit A.

6

insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Rather, a complaint must show that a claim has "facial plausibility," that is the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. Sitexpedite has not met this standard, and, indeed, the facts set out in the Lawrence Declaration show that the fraud claim is implausible. Sitexpedite does not allege that the invoices attached to the Complaint were the sole invoices that it sent to Nexxcom nor does it allege that it never received any payment from Sitexpedite. As shown in the accompanying Lawrence Declaration, numerous other invoices were sent by Sitexpedite to Nexxcom and those invoices *were* paid. Hence, Sitexpedite's allegation that Nexxcom committed fraud by promising to pay outstanding invoices for projects on which it had already been paying is not plausible on its face.

Nor should this Court grant leave to replead to cure this blatant pleading defect. The fraud claim is based on the allegation that Nexxcom misrepresented that it would pay outstanding invoices. As shown in the accompanying declaration of S. Jay Lawrence, Nexxcom has made significant payments to Sitexpedite; hence, it is unlikely that a claim based on such an allegation can survive.

## POINT II

### THE FRAUD CLAIM SHOULD ALSO BE DISMISSED BECAUSE IT IS DUPLICATIVE OF THE CONTRACT CLAIM[4]

The gravamen of Sitexpedite's complaint is that Nexxcom hired it to perform certain work relating to the installation of wireless cell antennas in New Jersey and in

---

[4] This argument is only relevant if New Jersey law is applicable. California does not have a similar rule.

7

California and that it was not paid for such work. Under New Jersey law, such a claim cannot stand.

As the New Jersey Supreme Court stated in *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 788 A.2d 268 (2002): "Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Id.* at 316, 788 A.2d at 280. Indeed, this Court has dismissed fraud claims that are duplicative of a contract claim. *Kassin v. Compucom, Inc.*, 2012 WL 893097, at*3 (D.N.J. Mar. 15, 2012) ("Here, as a threshold matter, Plaintiff's fraud claim is subject to dismissal because it is entirely duplicative of her contract claim."). "New Jersey has held that 'fraud claims not extrinsic to underlying contract claims are not maintainable as separate causes of action.'" *ASCO Power Technologies, L.P. v. PEPCO Technologies, L.L.C.*, 2006 WL 3000334, at *6 (D.N.J. Oct. 20, 2006) (quoting *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 564 (D.N.J. 2002)).

The fraud claim in this action is nothing more than a disguised contract claim. Rather than state that Nexxcom breached the contract (as it does in Count I of the Complaint), it states that Nexxcom never intended to perform the contract. It then asserts that as a result of this "misrepresentation," Sitexpedite did not seek collection from Nexxcom of amount due, which, presumably is the amount being sought in its contract claim. NexxCom did not owe any duty to Sitexpedite other than the alleged contractual duty. The fraud alleged in not extrinsic to the contract; indeed, it inextricably intertwined with the alleged contract at issue. Hence, under the above-cited authority, the fraud claim asserted in this action cannot stand.

8

# POINT III

## THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE PLAINTIFF CANNOT MAINTAIN ITS ACTION IN NEW JERSEY

New Jersey maintains certain "door-closing" statutes. These statutes prevent foreign business entities from using New Jersey courts to prosecute claims unless they comply with certain filing and reporting requirements. Plaintiff only pleads that it is "corporation." Complaint ¶ 1. Notably, Plaintiff fails to plead the state of its organization. *Id.* Instead, it is self-described as "in the business of providing services to the wireless network community and maintains its offices" in Wisconsin. *Id.*

On a motion to dismiss under Fed. R. Civ. P. 12 (b) (6), the allegations in the complaint must be viewed in the light most favorable to Plaintiff. *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). However, a court may consider public records extrinsic to the Complaint and the exhibits thereto where, as here, Plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994); *DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 444, n. 2 (3d Cir. 2003). A search of the online records by the Wisconsin Department of Financial Institutions and the New Jersey Division of Revenue, shows that Plaintiff is not organized as either a Wisconsin or a New Jersey corporation. Kalina Decl., Exhs. E and F.

Thus, assuming for purposes of this motion, that Plaintiff is organized as a foreign corporation, it must file a certificate of authority, as follows:

> No foreign corporation transacting business in this State without a certificate of authority shall maintain any action or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority....

9

N.J.S.A 14A:13-11.

Regardless of whether Plaintiff is required to obtain a certificate of authority, it must, as a foreign corporation, file an annual notice of business activities report, as follows:

> No foreign corporation carrying on any activity or owning or maintaining any property in this State which has not obtained a certificate of authority to do business in this State and disclaims liability for the corporation business tax and the corporation income tax shall maintain any action or proceeding in any State or Federal court in New Jersey, until such corporation shall have filed a timely notice of business activities report

N.J.S.A. 14A:13-20.

Plaintiff's website states that Sitexpedite is a limited liability company. A screen shot of the webpage is annexed to the Kalina Decl., Exh. C. The Delaware Secretary of State website shows that Sitexpedite is a Delaware LLC. Kalina Decl., Exh. D. As a Delaware limited liability company, Plaintiff must likewise register to do business in New Jersey, as follows:

> A foreign limited liability company doing business in this State may not maintain any action, suit or proceeding in this State until it has registered in this State, and has paid to this State all fees and penalties for the years or parts thereof, during which it did business in this State without having registered.

N.J.S.A. 42:2B-57.

Where, as here, a federal court sits in diversity jurisdiction, New Jersey's "door closing" statutes may preclude Plaintiff's access and use of this Court. *American Estates, Inc. v. Marietta Cellars Inc.*, 2011 WL 1560823 (D.N.J. 2011) (citing *American Export Lines, Inc. v. J&J Distributing, Co.*, 452 F. Supp. 1160, 1163 (D.N.J. 1978)); *see also*

10

*U.S. Consulting Group v. Aldi, Inc.*, 2012 WL 1033596 (D.N.J. 2012). These "prohibitions against an unregistered foreign corporation maintaining an action in New Jersey will only come into play if the foreign corporation has engaged in intrastate business within the state of New Jersey. This is true based both on the plain language of the statutes and under the Commerce Clause of the United States Constitution." *In re Topcroft, Inc.*, 136 B.R. 99 (D.N.J.1991).

As set forth in *Davis & Dorand, Inc. v. Patient Care Medical Services, Inc.*, 208 N.J. Super. 450, 506 A.2d 70 (Super. Ct. Law Div. 1985):

> The term "transacting business" requires that a foreign corporation be engaged in local activity within New Jersey and not just engaged in interstate commerce. *Materials Research Corp. v. Metron*, 64 N.J.74, 79, 312 A.D.2d 147 (1973). If a foreign corporation's activities in New Jersey are limited only to interstate sales, then the corporation cannot be required to obtain a certificate of authority. *Eli Lilly & Co. v. Sav-On Drugs, Inc.*, 366 U.S. 276, 278, 81 S. Ct. 1316, 1318, 6 L.Ed.2d 288 (1961). However, the solicitation of business within New Jersey with additional elements takes a foreign corporation "across the threshold of interstate commerce." *Materials Research Corp., supra*, 64 N.J. at 83, 312 A.2d 147.

Taking all inferences as true, Plaintiff alleges a unitary contract with work to be performed in New Jersey and California. Furthermore, Plaintiff alleges that a significant amount work contracted for was performed in…New Jersey. Complaint ¶ 3. Without conceding the "significant" aspect of the work vis-à-vis the work also performed in California, Plaintiff has pleaded that it "localized at least a portion of its business in New Jersey." *Davis & Dorand, supra*, N.J. Super. at 456, 506 A.2d 74. "Because plaintiff has failed to obtain the required certificate of authority, it is prohibited from maintaining the present action. *Id.*

11

Likewise, foreign corporations carrying on any activity in New Jersey, regardless of its characterization as inter or intra state commerce, must "file a timely notice of business activities report with the State." *Davis & Dorand, supra,* N.J. Super at 456, 506 A.2d at 73 (citing N.J.S.A 14A:13-15). Again, Plaintiff has pleaded facts that it was, at the very least, carrying on activity within the State...." *Id.* Having failed "to file the required report, then [Plaintiff] is prohibited from maintaining an action in New Jersey." *Id.* (citing N.J.S.A 14A:13-20).

Plaintiff has pleaded that is conducting business in the State of New Jersey. without having filed the requisite documents to do business in New Jersey. New Jersey courts are thus unavailable to Plaintiff. Accordingly, Plaintiff should be prohibited from maintaining this action, and it should be dismissed.

## POINT IV

### THE VENUE OF THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF CALIFORNIA

In determining whether to transfer a case pursuant to 28 U.S.C. § 1404(a), courts "have considered many variants of the private and public interests protected by the language of § 1404(a)." *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995).

> The private interest have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of the books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (citations omitted).

As to public interests, the court, in determining a transfer motion may consider: "The enforceability of the judgment; practical consideration that could make the trial easy, expeditious or inexpensive; the relative administrative difficulty in the two for a resulting from court congestions; the local interest in deciding local controversies at home; the public policies of the for a; and the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80 (citation omitted).

An important factor not listed in *Jumara* is the respective locations of the parties. Here, Sitexpedite is located in Wisconsin and Nexxcom in California. Another important factor not listed in *Jumara* is where the contract was made. Here, Sitexpedite does not even allege that a written contract was created; their claims is based on purchase orders generated by Nexxcom in California to Sitexpedite in Wisconsin, with invoices issues sent by Sitexpedite to Nexxcom in California and with payments arranged by Nexxcom in California. Neither of these factors suggests that a New Jersey forum is appropriate.

As quoted above, one of the *Jumara* factors is "whether the claim arose elsewhere." In this case, Sitexpedite acknowledges in its complaint that the work at issue for which it is seeking payment was performed in New Jersey and California. But as can be seen from the invoices attached to the complaint, only $51,406.44 of the $372,589.93 sought in the complaint (approximately 14%) relates to work performed in New Jersey, the large majority of the work was performed in California. While New Jersey may be a proper venue technically, California, which has a stronger nexus with this case is a more proper venue.

A California venue would also be more convenient for non-party witnesses many of whom live in California and none of whom live in New Jersey. Lawrence Decl. ¶ 10.

These non-party witnesses cannot be subpoenaed to appear in New Jersey, and would not be available to testify at trial for Nexxcom in New Jersey.

Since Sitexpedite is located in the Midwest, and it chose to bring this action in New Jersey, it cannot argue that it is financially unable to litigate far from home. But California is not significantly more inconvenient to it then is New Jersey. On the other hand, New Jersey is a continent away from Nexxcom.

As to public factors, this Court would appear to have little interest in litigating a case involving a Wisconsin plaintiff and a California defendant where the cause of action relates most strongly to California and only secondarily to New Jersey. Indeed, it appears that this case was brought in New Jersey simply to inconvenience Nexxcom.

Other than the Sitexpedite's desire to have this case litigated in New Jersey, none of the factors set out in the case law or elsewhere indicate that New Jersey is a proper forum in which this action should be heard. The applicable factors all suggest that California is a more proper forum. Accordingly, this Court grant Nexxcom's motion and transfer this case to the Southern District of California.

## CONCLUSION

As shown above, Count II of the complaint is deficient in that it does not set out sufficient facts to state a proper claim for fraud and because it is duplicative of the contract claim. Moreover, Sitexpedite is not permitted by statute to maintain its action in New Jersey. Accordingly, the claim should be dismissed. Moreover, because this case between a Delaware limited liability company with its principal office in Wisconsin and a California limited liability company with its principal place of business in California has a stronger nexus with California than it does with New Jersey, this Court should transfer the case to the Southern District of California where Nexxcom is located and which is more convenient to the witnesses with knowledge of the facts pertinent to the underlying dispute.

Respectfully submitted,

Cox Padmore Skolnik & Shakarchy LLP
By:   s/ Stefan B. Kalina
        Stefan B. Kalina
630 Third Avenue, 19th Floor
New York, NY  10017
Attorneys for Defendant
NeXXCom Wireless LLC

Dated: August 20, 2012